*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1065**

State of Minnesota,
Respondent,

vs.

David Lee Blanshan,
Appellant.

**Filed July 27, 2015
Reversed and remanded
Halbrooks, Judge**

Wadena County District Court
File No. 80-CR-13-849

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Kyra Ladd, Wadena County Attorney, Wadena, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**HALBROOKS**, Judge

On appeal from a bench trial in which he was convicted of failing to register as a predatory offender, appellant argues that the district court denied him the right to a fair

trial by considering evidence not presented during trial to find him guilty. Because the district court inadvertently relied on evidence that was not introduced during trial to find appellant guilty, we reverse and remand for a new trial.

**FACTS**

Appellant David Lee Blanshan pleaded guilty to one count of third-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct in 1992. Blanshan began registering as a predatory offender following these convictions. In 2000, Blanshan pleaded guilty to one count of failing to register as a predatory offender. In 2006, Blanshan again pleaded guilty to one count of failing to register as a predatory offender. The state maintains that with these subsequent failure-to-register convictions, Blanshan is required to register as a predatory offender through the year 2027.

Blanshan moved to Iowa in 2009. For reasons not apparent in the record, he received a notice from the Iowa Department of Public Safety in 2010 stating that he was no longer required to register with the Iowa Sex Offender Registry.

Blanshan returned to Minnesota by 2013, and the state charged him with failing to register as a predatory offender after his corrections officer alleged that Blanshan refused to provide her with the mailing address of his new primary residence. Blanshan pleaded not guilty and waived his right to a jury trial.

Blanshan's counsel requested that the district court order a rule 20 examination because counsel believed that Blanshan was not competent to assist in his own defense. The district court asked counsel if he had a copy of the rule 20 evaluation from Blanshan's earlier trial before Judge Carlson on an alleged registration violation. The

2

prosecutor indicated that she had a copy and provided copies to the district court and defense counsel. The district court stated that it had "no involvement in that case," and granted a recess for counsel to review the report. The district court then rejected counsel's request for additional evaluation. The district court then called the case for trial and heard the following testimony.

Amy Ament testified that she is the director of the Wadena County Sheriff's Office in charge of ensuring "predatory offender compliance." She testified that Blanshan was required to provide her office with an updated registration form in October 2013 but had not done so. She requested that Blanshan complete the registration form and return it to her office. Blanshan refused. Three more times over the next ten days Ament asked Blanshan to complete the form; he refused to do so each time.

The state then called John Nordberg, who testified that he is a "predatory offender investigator" who works for the Minnesota Bureau of Criminal Apprehension. He testified that, among his other duties, he helps local law-enforcement agencies with their investigations of potential registration violations. Nordberg stated that he had reviewed the certified copies of Blanshan's previous convictions, and he concluded these convictions required Blanshan to register as a predatory offender through the year 2027.

The state then re-called Ament. During cross-examination, defense counsel asked Ament if she had seen the notice that Blanshan had received from the Iowa Department of Public Safety. Ament stated that she had. Defense requested that the notice be introduced into evidence. Before receiving the notice, the district court asked defense counsel if the proposed exhibit was a certified copy or if it was instead "a copy of a

3

certified copy that was received in evidence in File 80-CR-13-188 earlier this year?" Defense counsel indicated that it was merely a copy of the exhibit entered at Blanshan's previous trial. The district court then allowed the prosecutor to examine the copy of the notice but stated, "I cannot remove the [certified copy] from the other file." The district court then admitted the document into evidence, and Ament read excerpts from the Iowa Department of Public Safety notice that Blanshan received in 2010.

The state rested, and Blanshan did not call any witnesses. The district court then found Blanshan guilty of knowingly failing to register as a predatory offender. The district court found that Blanshan knew that he had to register because "Judge Carlson expressly advised [Blanshan] that the law in Minnesota required him to register until at least 2027 in his written Order acquitting him in Court File 80-CR-13-188." The district court stated that although "there was no testimony that [Blanshan] had read Judge Carlson's Order . . . it is reasonable to infer that he did. The relevant paragraph was read into the record at the trial herein by Wadena County Sheriff's Office Investigator Amy Ament." Blanshan appeals his conviction.

**D E C I S I O N**

Blanshan argues that the district court denied him the right to a fair trial because the district court relied on the contents of a previous district court order that was not entered into evidence to find that he knowingly failed to register as a predatory offender. He contends that he is entitled to a new trial. We agree.

Criminal defendants have the right to a fair trial before an impartial judge. *State v. Dorsey*, 701 N.W.2d 238, 249 (Minn. 2005). During a court trial, the district court must

4

reach its conclusions "based upon the facts in evidence" and may not rely on evidence "beyond that adduced in court" in reaching its conclusions. *Id.* at 249-50. If the district court reaches its verdict by considering facts beyond those adduced in court, the defendant has been denied the right to a fair trial. *See id.* at 250. If a defendant has been deprived of the right to a fair trial, we do not conduct a harmless-error analysis on appeal because the deprivation of the right to a fair trial "can never be treated as harmless error." *Id.* at 253 (quotation omitted). If we find that a defendant has been deprived of the right to a fair trial, we must automatically reverse and remand for a new trial. *Id.*

We are confident that the district court went to great lengths in its attempt to provide Blanshan with a fair trial. And we acknowledge that as an appellate court, we are afforded the ability to review a frozen and well-documented record that the district court must constantly analyze as it unfolds in real time. We do not mean to suggest that the district court intended any result other than ensuring that Blanshan received a fair trial. But we must reverse in this case. The district court inadvertently relied on evidence that was not introduced during trial to find Blanshan guilty. By doing so, the district court deprived Blanshan of his right to a fair trial.

The district court five times cited Judge Carlson's October 14, 2013 order and judgment acquitting Blanshan of a previous failure-to-register charge in its findings of fact. The district court stated that Judge Carlson's order "was read into the record at the trial herein by Wadena County Sheriff's Office Investigator Amy Ament." But the record reveals that Judge Carlson's order was not read into the record. Ament read from a portion of the notice that the Iowa Department of Public Safety provided to Blanshan

informing him that he no longer had to register in Iowa; Ament did not read from Judge Carlson's order. Judge Carlson's order was not made part of the trial record, and the order is therefore not a part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").

Having inadvertently determined that Judge Carlson's order was part of the evidence presented at trial, the district court then used Judge Carlson's order to find that the state had proved that Blanshan knowingly failed to register. The district court found that "Judge Carlson expressly advised [Blanshan] that the law in Minnesota required him to register until at least 2027 in his written Order acquitting him in Court File 80-CR-13-188." Because the district court considered evidence "beyond that adduced in court" in finding Blanshan guilty, Blanshan was denied the right to a fair trial and he is entitled to a new trial. *Id.* at 250, 253.

The state's two attempts to distinguish *Dorsey* are unpersuasive. The state first argues that we should affirm Blanshan's conviction because he does not explain how the district court acquired Judge Carlson's order, and without evidence that the district court conducted an "independent investigation," we must conclude under *Dorsey* that Blanshan received a fair trial. We do not find support in *Dorsey* for the state's argument. In *Dorsey*, the supreme court held that "when a judge *possesses* extra-record knowledge that is prejudicial to a defendant in a criminal trial . . . the judge must either disqualify herself or set the knowledge aside and consider only the evidence adduced in deciding the case." *Id.* at 252 (emphasis added). How the district court comes to possess the out-of-record

6

knowledge is not relevant to whether the defendant is denied the right to a fair trial; the relevant inquiry is what the district court subsequently does with the knowledge that it may already possess. *Id.* at 249, 253. If the district court sets aside the out-of-record knowledge that it possesses, the defendant is not denied the right to a fair trial simply because the district court knows something beyond the evidence presented at trial. *See id.* at 253. But if the district court *uses* its out-of-record knowledge in making its findings, the defendant is denied the right to a fair trial. *Id.*

The state also argues that even if the district court erred in relying on Judge Carlson's order, the error was not prejudicial because abundant evidence in the record indicates that Blanshan knowingly violated his registration requirement. The state contends that we should assess whether the district court's error actually affected the verdict. The supreme court clearly rejected this argument in *Dorsey*, noting that "some constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error. The right to an impartial adjudicator, be it a judge or jury, is such a right." *Id.* (quoting *Gray v. Mississippi*, 481 U.S. 648, 668, 107 S. Ct. 2045, 2057 (1987)). "[W]hen a defendant has been deprived of an impartial judge, automatic reversal is required." *Id.* We therefore do not accept the state's assertion that Blanshan was not prejudiced by this error.

Our reversal of Blanshan's conviction and remand for a new trial renders Blanshan's challenge to the validity of his jury-trial waiver moot. But we note for completeness that the district court properly secured Blanshan's knowing, voluntary, and intelligent waiver of his right to trial by jury. We do not agree with Blanshan that the

7

district court proceeded in "an overly formalistic nature" when considering Blanshan's waiver. The record reveals that the district court was thorough and exceedingly patient in ensuring that Blanshan understood the scope of the right that he was waiving after Blanshan repeatedly stated that he did not want to be tried by a jury.

**Reversed and remanded.**